IN THE MATTER OF JOSE M. FRANCO, AN
ATTORNEY-AT-LAW.

July 11, 1983.

*John M. Walsh* argued the cause for the District VI Ethics Committee.

## ORDER

This matter coming before the Court on an order to show cause why JOSE M. FRANCO of UNION CITY should not be disbarred or otherwise disciplined for his violation of *DR.* 1–102(A), *DR.* 7–101(A)(2), and *DR.* 9–102(A) and (C) and said JOSE M. FRANCO having failed to appear before this Court on the return date of said order to show cause, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board recommending that respondent be disbarred is hereby adopted; and it is further

ORDERED that JOSE M. FRANCO be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that JOSE M. FRANCO be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys; and it is further

ORDERED that respondent reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

Decision and Recommendation of the Disciplinary
Review Board

Notice to the respondent was forwarded regular and certified mail to his last known address, in care of his mother. The certified package was returned with handwritten and stamped notation, "moved, left no address." The regular mail was returned with the notation "addressee unknown."

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon two presentments filed by the District VI Ethics Committee. Both presentments concern respondent's misappropriation of client funds as well as numerous failures to carry out contracts of employment and gross neglect.

The two presentments forwarded by the Committee may be individually summarized as follows:

## I. *DRB 83–1*—MORENO COMPLAINT

The respondent convinced Piedad Moreno, the complainant herein, to invest in a Union City, New Jersey apartment building. Ms. Moreno had no previous investment experience. In reliance on the respondent's advice, she gave him two checks for $1,000.00, one dated May 5, 1979, and the other dated May 8, 1979. She further gave respondent $500.00 in cash, but did not obtain a receipt from him. On May 18, 1979, she gave respondent a check for $385.00 as a legal fee for his representation of her in the purchase of the property. The respondent thereafter advised Ms. Moreno of the continuing monthly expenses resulting from the purchase, including interest payments and insurance. He advised that the transaction would take two to three months to complete. Additionally, he gave to Ms. Moreno what he identified as the rent roll which allegedly identified tenants and their monthly rents.

While the Union City transaction was pending, the respondent advised Ms. Moreno of an opportunity to participate in the

purchase of a building in Fort Lee as respondent's partner. To that end, respondent took the complainant to see a building in Fort Lee, and discussed with complainant the disposition of the property following purchase.

The complainant invested in that purchase by giving her check in the amount of $1,500.00 to respondent on June 26, 1979.

Ms. Moreno attempted to ascertain the status of her purchase and investment on numerous occasions by telephoning the respondent. He advised that the matters were nearly settled and he would notify her when the papers were ready to be signed.

Six months after complainant's initial payment to respondent, in November, 1979, respondent mailed several documents to Ms. Moreno, without any cover letter or explanatory note. Among these documents was a purported deed involving the transfer of the Union City property. Although the alleged grantor was an individual, one Luis Calazar, whose signature appeared on the deed, a corporate form of deed was used. Additionally, references within the deed to the location of the property were inconsistent and varied, appearing as both 4th Street and 316–48th Street. Among the items struck through and deleted from the form were printed portions which incorporated buildings and improvements as part of the conveyance.

Attached to the deed was a document dated June 26, 1979. The document was signed and stamped by the respondent as a notary, and included a place for the signature of complainant with the notation "Partnership" in parentheses following her name.

The document read:

"Before me, Jose M. Franco, Esq., appeared Ms. Piedad Moreno, to deposit $1,500.00 (ONE THOUSAND FIVE HUNDRED DOLLARS), and to transfer Title on her name at the house located at Fort Lee, New Jersey, at the time of Closing of Title."

On November 12, 1979, the respondent transmitted his trust account check for $2,660.00 to the complainant. She deposited the check twice: both times it was returned for insufficient

funds. Ms. Moreno learned that respondent's office was closed and his telephone disconnected when she attempted to reach him following the dishonoring of his check by the bank.

The respondent did not appear at hearing before the District VI Ethics Committee. The Committee determined that the respondent had intentionally deceived the complainant and never intended to invest her money as promised. The Committee concluded that the respondent had violated *DR* 1–102(A)(3) by engaging in illegal conduct that adversely reflects on his fitness to practice law; engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of *DR* 1–102(A)(4); failed to carry out a contract of employment contrary to *DR* 7–101(A)(2); and engaged in conduct that adversely reflects on his fitness to practice law in contravention of *DR* 1–102(A)(6).

## II. *DRB 83–2*—COMMITTEE COMPLAINT

In August of 1982, the District VI Ethics Committee consolidated six pending ethics complaints in one count of a formal complaint. That formal complaint further charged in a second count that the Clients' Security Fund had paid numerous claims to former clients of the respondent because of respondent's dishonest taking of these clients' funds.

The individual matters incorporated in count one may be summarized as follows:

### A. *Herrera Complaint*

A complaint was filed by Delia and Felipe Herrera alleging that respondent failed to return a deposit of $8,200.00 held in trust by respondent following his representation of them on the sale of their condominium. The Herrera's claim for $8,200.00 to the Clients' Security Fund was granted.

### B. *Martin Complaint*

The respondent was retained by Higenio Martin to represent him in a real estate transaction. To that end, the complainant gave respondent $11,900.00 to hold in escrow for him. The respondent utilized the funds for his own purposes, and his check

in partial payment was returned for insufficient funds. The Clients' Security Fund paid $12,225.00 to the complainants in satisfaction of their claim.

C. *Rodriguez Complaint*

The respondent represented Julio Rodriguez in a worker's compensation claim. Mr. Rodriguez charged that respondent cashed a compensation check intended for complainant and improperly took a fee without authorization by the compensation court.

D. *Moreno Matter*

This matter is the same complaint detailed as DRB 83–1, with the exception of the reference to payment by the Clients' Security Fund of $4,385.00.

E. *Tous Complaint*

Raul Tous complained on behalf of the Pan American National Bank that the bank had issued a $3,000.00 loan to respondent on July 11, 1979. Respondent's trust account check for repayment was returned due to insufficient funds. The Committee determined to dismiss this complaint, contending that proofs were absent.

F. *Hurtado Complaint*

Carlos Hurtado filed a complaint charging that respondent failed to properly represent him in a claim for personal injuries.

Respondent was specifically charged with failure to obtain a written contingent fee retainer, failure to carry out a contract of employment, accepting multiple clients in the face of a conflict of interest and allowing the statute of limitations to run. The complainant did not appear at hearing, and the complaint was thereafter dismissed for lack of proof.

The second count of the consolidated complaint charged that respondent misappropriated funds from numerous clients, as evidenced by seven payments made by the Clients' Security Fund. A listing of the seven individual claims paid by the Fund as of the time of filing of the complaint follows:

| | | |
|---|---|---|
| 1. | Higenio Martin | $12,225.00 |
| 2. | Robert Dance | 386.21 |
| 3. | Felipe Herrera | 8,200.00 |
| 4. | Wilfredo Rodriguez | 556.00 |
| 5. | Maria Luz Blum | 4,000.00 |
| 6. | Enrique Perez-Delgado | 200.00 |
| 7. | Piedad Moreno | 4,385.00 |

The claims paid totaled $29,952.11. With the exception of the *Hurtado* and *Tous* complaints, the Committee found that the respondent violated the disciplinary rules as charged in the ethics complaint, in that:

(1) he has failed to communicate with his clients;

(2) he has failed to represent his clients zealously;

(3) he has failed to carry out his contracts of employment;

(4) he has failed to properly withdraw from employment;

(5) he has failed to make proper distribution of trust funds;

(6) he has charged a fee for services not rendered;

(7) he has issued trust account checks with insufficient funds;

(8) he has accepted multiple clients with conflict of interest;

(9) he has engaged in illegal conduct that adversely reflects on his fitness to practice law;

(10) he has engaged in conduct involving dishonesty, fraud, deceit and misrepresentation.

The respondent did not appear at this ethics committee hearing. Prior to hearing, when written notice to respondent's last known address was returned, notice by publication of the ethics committee hearing was made. Despite this, no information was received regarding the respondent's whereabouts, nor did respondent contact the committee.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusions of the Committee in finding unethical conduct on the part of respondent are fully supported by clear and convincing evidence. The respondent did violate the various cited provisions of *DR* 1–102(A) in his dealings with Ms. Moreno as

well as his other clients. Additionally, he failed to carry out his contracts of employment with these individuals, in violation of *DR* 7–101(A)(2). Of even greater importance, however, although not recited by the Committee, is the respondent's misappropriation of client funds in clear violation of *DR* 9–102(A) and (C). The Board further finds that the dismissal of the *Tous* complaint was inappropriate, since necessary proofs of unethical conduct were submitted with the complaint.

The Board further finds that the respondent intentionally deceived clients, including Ms. Moreno, to obtain their funds. Although respondent's misappropriation occurred prior to the Supreme Court's opinion in *In re Wilson,* 81 *N.J.* 451 (1979), no mitigating circumstances exist which would merit consideration of less than the ultimate penalty.

The Board therefore recommends that the respondent be disbarred. The Board further recommends that the respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD
By: /s/ Stephen B. Wiley
.Stephen B. Wiley
Vice-Chairman
DATED: March 22, 1983.